*Decision will be entered under Rule 50.*

D. C. BOTHWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. F. DARBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 50491, 52503. Promulgated April 28, 1933.

' *George E. H. Goodner*, Esq., and *Frederick C. Rohwerder*, *C. P. A.*, for the petitioners.

*Harold Allen*, Esq., and *Leslie H. Rushbrook*, Esq., for the respondent.

1354

OPINION.

SMITH: The first question presented by these proceedings is whether the profit realized by each petitioner in 1928 upon the sale of shares of stock of the Brazos Oil Corporation is ordinary income taxable at both normal and surtax rates, or capital gain subject only to the 12½ per cent tax. The amount of the profit in the case of each petitioner is not in dispute.

Section 111 (a) of the Revenue Act of 1928 provides that "the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113." Section 113 (a) of the act provides in part: "The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property." Section 101 (a) of the Revenue Act of 1928 provides for a tax of 12½ per cent of the amount of the capital net gain. "Capital gain" is defined in section 101 (c) (1) of the act as meaning "taxable gain from the sale or exchange of capital assets consummated after December 31, 1921." "Capital assets" are defined in subdivision (8) of section 101 (c) as meaning "property held by the taxpayer for more than two years."

Counsel for the petitioners makes an elaborate argument to the effect that the Brazos Oil Corporation stock sold by the petitioners in 1928 was property held by them more than two years. It is not denied, however, that the option for the purchase of the shares of stock sold in 1928 was exercised in December 1927. We think that the contention of the petitioners is entirely devoid of merit. Manifestly, if the petitioners had not exercised their option for the purchase of the shares of stock in question they would never have become the owners of it. As stated by the court in *Harper* v. *Bibb*, 47 Ala. 547:

* * * But where the contract gives only an option to purchase, the purchaser can not be said to hold the price in trust for the vendor; and before he has elected to become a purchaser, it is contrary to all rules of reason and good sense to accord to him the rights of ownership.

The contention of the respondent that the stock was acquired by the petitioners in December 1927, at the time the option was exercised and the shares of stock purchased is sustained.

The petitioners make an alternative contention that if it be held that the income reported by them in 1928 as the profit upon the sale of the Brazos Oil Corporation shares was not capital gain under section 101 of the Revenue Act of 1928, then the profit was overstated because the petitioners used as cost the option price of the stock and not its fair market value in December 1927, when the option was exercised and the stock received. The contention of the petitioners upon this point is in short that the cost basis is not the price which the petitioners paid for their stock, but the fair market value thereof at the date of purchase. In support of this contention the petitioners rely upon the opinion of the Board in *Albert Russel Erskine*, 26 B. T. A. 147. The facts in that case were that the petitioner entered into an agreement to work for a corporation exclusively for a period of between four and five years. Under the contract he was to receive a cash salary and in addition "have the right and option to buy and receive" a certain number of shares of the capital stock of the corporation upon payment to the corporation of a nominal price for the stock. The corporation purchased the shares in the open market at a cost of several times the agreed price to the petitioner and placed them in escrow subject to the terms of the agreement. In the circumstances of the case the Board held that the contract was an employment contract and that each year as the petitioner exercised the option to purchase the shares of stock at a price far below the market the petitioner received income to the extent of the difference between the price which he paid for the stock and the fair market value. The situation in the instant proceedings is far different. There is no evidence here that the option price was less than the fair market price in 1922. In fact when there was a modification of the contract in 1926, the corporation recognized that the option price was in excess of the value of the stock in 1922 and voluntarily reduced the price from $2.56 per share to $2 per share. The *Erskine* case is distinguishable upon its facts.

The petitioners further refer to the case of *Boulton* v. *Heiner*, decided by the United States District Court, Western District of Pennsylvania, on November 5, 1932, at paragraph 2017 of the Prentice Hall 1932 Federal Tax Service. It was held by the court that, where a taxpayer obtained an option for the purchase of shares of stock at a given price under an agreement to serve the corporation for a number of years without salary, the cost of the stock to the taxpayer was the price paid for it plus the value of the services rendered by the taxpayer. The facts in the instant case do not show the value, if any, of the services performed by the petitioners to the corporations which they served over the amounts paid to them as salaries for their services.

The statute plainly states that upon the sale of property acquired subsequent to February 28, 1913, the basis for the determination of the gain or loss shall be the cost of such property. We can not determine from the evidence of record that the cost of the shares of the Brazos Oil Corporation stock sold by the petitioners in 1928 was in excess of $2 per share, the price which they actually paid for the stock. It is clear also that the stock was not held by them for as long as two years at the date of sale. The stock was sold in 1928 and acquired by the petitioners in 1927. The profits realized were clearly taxable as ordinary income and not at the rate of 12½ per centum provided by section 101 of the Revenue Act of 1928.

The second question for our determination is whether the petitioners are liable to the negligence penalty provided by section 293 (a) of the Revenue Act of 1928, which reads:

SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) *Negligence.*—If any part of any deficiency is due to negligence or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

The respondent makes the claim for the penalty upon the ground that the petitioners clearly had no ownership of the shares of stock which were sold in 1928 until they bought them in 1927; that in their return they did not set forth the circumstances under which they acquired the stock, but reported that they acquired it in 1922; and that there was nothing shown by the returns from which the respondent could have ascertained that the profit was not taxable as a capital net gain. The petitioners claim that their returns were made by certified public accountants and the certified public accountants were fully informed of the circumstances of the transaction and they assumed that the returns were made out in accordance with the law.

We are of the opinion that the petitioners are liable to the negligence penalty claimed by the respondent. As we see it there was no ground for any contention that the petitioners had " held " the stock in question for a period of more than two years at the date of sale. Each petitioner is charged with a knowledge of the law and clearly the requirement of the law with respect to capital gain is shown on the return form. In our opinion the petitioners are liable for the negligence penalty provided in section 293 (a) of the Revenue Act of 1928. Cf. *Edmond A. Hughes*, 27 B. T. A. 1022.